COPY

1  Tammy Hussin (Bar No. 155290)
2  Lemberg & Associates, LLC
   6404 Merlin Drive
3  Carlsbad, CA 92011
4  Telephone (855) 301-2100 ext. 5514
   thussin@lemberglaw.com
5
6  Lemberg & Associates, LLC
   1100 Summer Street
7  Stamford, CT  06905
   Telephone:  (203) 653-2250
8  Facsimile:  (203) 653-3424
9
10 Attorneys for Plaintiff,
   Gilda Cardenas
11
12
13                 UNITED STATES DISTRICT COURT
14                CENTRAL DISTRICT OF CALIFORNIA
15                       WESTERN DIVISION
16                   CV13-02343 JLG
17
   Gilda Cardenas,                        Case No.:
18
                 Plaintiff,               **COMPLAINT FOR DAMAGES**
19                                         **1. VIOLATION OF FAIR DEBT**
20        vs.                              **COLLECTION PRACTICES ACT,**
                                          **15 U.S.C. § 1692 ET. SEQ;**
21 Conserve; and DOES 1-10, inclusive,    **2. VIOLATION OF FAIR DEBT**
22                                         **COLLECTION PRATICES ACT,**
                                          **CAL.CIV.CODE § 1788 ET. SEQ.**
23               Defendants.
24                                         **JURY TRIAL DEMANDED**
25
26
27
28
                                          COMPLAINT FOR DAMAGES

For this Complaint, the Plaintiff, Gilda Cardenas, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4.      The Plaintiff, Gilda Cardenas (hereafter "Plaintiff"), is an adult individual residing at Van Nuys, California, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant, Conserve ("Conserve"), is a New York business entity with an address of 200 Cross Keys Office Park, P.O. Box 7, Fairport, New York  14450-0007, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by Conserve and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      Conserve at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.      The Debt**

8.      The Plaintiff allegedly incurred a financial obligation (the "Debt") to US Department of Education (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.     The Debt was purchased, assigned or transferred to Conserve for collection, or Conserve was employed by the Creditor to collect the Debt.

11.     The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.      Conserve Engages in Harassment and Abusive Tactics**

12.     Within the last year, Conserve made attempts to collect the Debt.

13.     On November of 2012, Conserve contacted Plaintiff's father and disclosed the existence of the Debt, causing great embarrassment to Plaintiff.

COMPLAINT FOR DAMAGES

14.     Conserve called Plaintiff at her place of employment in an attempt to collect the Debt. Plaintiff advised Conserve that calls to her workplace were inconvenient and requested that Defendants contact Plaintiff only on her cellular telephone.

15.     Despite the foregoing, Conserve continued to place calls to Plaintiff's place of employment in an attempt to collect the Debt.

16.     Plaintiff complained to Conserve about the continued calls to her workplace. In response, Conserve told Plaintiff that it would continue to call her at her place of employment until such time as the Debt was resolved.

17.     As promised, Conserve continued to call Plaintiff's work place on multiple occasions, causing Plaintiff to fear that her employment would be in jeopardy.

18.     Conserve threatened to commence garnishment of Plaintiff's wages unless she made immediate arrangements to pay the Debt. At the time of threat, Plaintiff had not received a Notice of Intent to Garnish as required under the Higher Education Act and as such had no legal ability to affect a wage garnishment.

19.     After knowing Plaintiff's place of employment and speaking with Plaintiff at her place of employment, Defendants contacted Plaintiff's place of employment under the guise of verifying employment. On several occasions, Conserve told Plaintiff's co-workers that it needed to verify Plaintiff's employment in

COMPLAINT FOR DAMAGES

order to garnish Plaintiff's wages. This caused Plaintiff even greater distress and embarrassment.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, et seq.

20.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21.    The Defendants contacted the Plaintiff at his place of employment, knowing that the Plaintiff's employer prohibited such communications, in violation of 15 U.S.C. § 1692c(a)(3).

22.    The Defendants communicated with individuals other than the Plaintiff, the Plaintiff's attorney, or a credit bureau, in violation of 15 U.S.C. § 1692c(b).

23.    The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

24.    The Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

25.    Defendants used deceptive means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

COMPLAINT FOR DAMAGES

26.     The Defendants threatened the Plaintiff with garnishment if the debt was not paid, in violation of 15 U.S.C. § 1692e(4).

27.     The Defendants threatened to take action without legal ability to do so or without actually intending to do so, in violation of 15 U.S.C. § 1692e(5).

28.     The Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

29.     The Defendants used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

30.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

31.     The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT II
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788 et seq.

32.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33.     The Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 et seq. ("Rosenthal Act") prohibits unfair and deceptive acts and practices in the collection of consumer debts.

34.     Conserve, in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

35.     The Defendants threatened the Plaintiff with garnishment or attachment of his wages if the debt was not paid, without intending to institute such proceedings, in violation of Cal. Civ. Code § 1788.10(e).

36.     The Defendants caused a telephone to ring repeatedly and engaged the Plaintiff in continuous conversations with an intent to annoy the Plaintiff, in violation of Cal. Civ. Code § 1788.11(d).

37.     The Defendants communicated with the Plaintiff with such frequency as to be considered harassment, in violation of Cal. Civ. Code § 1788.11(e).

38.     The Defendants failed to comply with the provisions of 15 U.S.C. § 1692, et seq., in violation of Cal. Civ. Code § 1788.13(e).

39.     The Defendants communicated with the Plaintiff's employer about the Plaintiff's debt, without consent of the Plaintiff's attorney or the Plaintiff, and without the purpose of verifying location or employment information, in violation of Cal. Civ. Code § 1788.12(a).

40.     The Defendants communicated information about the debt to the Plaintiff's extended family, without the intent of confirming the Plaintiff's location and without consent from the Plaintiff or the Plaintiff's attorney, in violation of Cal. Civ. Code § 1788.12(b).

41.    The Defendants did not comply with the provisions of Title 15, Section 1692 of the United States Code, in violation of Cal. Civ. Code § 1788.17.

42.    The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT III
## INVASION OF PRIVACY BY PUBLIC DISCLOSURE OF PRIVATE FACTS

43.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44.    The Restatement of Torts, Second, § 652B defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

45.    California further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated California state law.

46.    The Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing Plaintiff with numerous calls.

47.    The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

48.    As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

49.     All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

E. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

F. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy and intentional infliction of emotional distress in an amount to be determined at trial for the Plaintiff;

G. Punitive damages; and

H. Such other and further relief as may be just and proper.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

DATED:  March 27, 2013          TAMMY HUSSIN

By:_____
Tammy Hussin, Esq.
Lemberg & Associates
Attorney for Plaintiff, Gilda Cardenas

Tammy Hussin
Lemberg & Associates, LLC
6404 Merlin Drive
Carlsbad, California 92011
Telephone: (855) 301-2100 Ext. 5514
Facsimile: (203) 653-3424

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Gilda Cardenas | | CASE NUMBER |
| | PLAINTIFF(S) | **CV13-02343** JC9 |
| v. | | |
| Conserve; and DOES 1-10, inclusive, | | |
| | DEFENDANT(S). | **SUMMONS** |

TO:    DEFENDANT(S):    Conserve

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, <u>Tammy Hussin, of counsel Lemberg & Associates</u>, whose address is <u>6404 Merlin Drive, Carlsbad, CA 92011</u>.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: ____APR - 2 2013____

By: _____
                        Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*